**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John Morgan MEEKS, Defendant–Appellant.**

**No. 91–30428.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 1992.

Decided Feb. 23, 1993.

Michael D. Kinkley, Spokane, WA, for defendant-appellant.

Ronald W. Skibbie, Asst. U.S. Atty., Spokane, WA, for plaintiff-appellee.

Before: WALLACE, Chief Judge, WRIGHT, and LEAVY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

A jury found that Meeks had violated federal firearms law because he possessed a revolver and a rifle and had been convicted previously of second degree burglary in Missouri.

Two issues, one of first impression in this circuit, are dispositive of his appeal. First, we must decide whether Missouri substantially restored Meeks' civil rights after his release from prison when it prohibited him from serving on a jury and as a law enforcement officer. Second, we must

determine whether Meeks was denied his Sixth Amendment right to counsel when the district court found that, by his dilatory behavior, Meeks had waived that right. We hold that his civil rights were not substantially restored and that his right to counsel was denied. We reverse.

I

The government charged Meeks with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1988). Meeks has a history of institutionalization for mental problems. He underwent a psychiatric evaluation of his competency to stand trial. Doctors concluded that "[h]e has the capacity to understand the proceedings against him and is able to assist his attorney in his defense." The court found him competent to stand trial.

Because Meeks could not afford counsel, the district court appointed Donald Hackney to represent Meeks. Unhappy with Hackney, Meeks retained Bevan Maxey. A short time later, Meeks fired Maxey, and the court granted Maxey's motion to withdraw. It noted that because Meeks' retention of Maxey superseded his eligibility for court-appointed counsel, Meeks would have to file another affidavit of indigency before the court would appoint counsel. Less than a week later, he filed the affidavit and requested appointment of counsel from a list of four attorneys.

The court, however, did not appoint counsel and Meeks appeared pro se at his pretrial conference, where he requested a lawyer. The court agreed to appoint Pat Stiley from Meeks' list; Stiley refused the appointment. The court then appointed W. Russell Van Camp, another attorney on the list. One month later, Van Camp filed a motion to withdraw stating that when he

visited Meeks in jail, he "did not even know who I was." In the interim, Meeks wrote the court asking it to appoint Michael Hemovich, number one on Meeks' list.[1] The court, frustrated by the delays caused by Meeks' "continual changing of attorneys," issued a written order allowing Van Camp to withdraw and ordering Meeks to appear pro se at trial, unless he retained counsel.

On the day of trial, attorney Thomas Cooney appeared with Meeks, who had telephoned Cooney the day before seeking representation. Cooney asked for a 30-day continuance to prepare for trial, which the court denied.[2] Meeks appeared pro se; the court did not appoint standby counsel.

To establish that Meeks was a convicted felon, the government introduced evidence of his 1982 Missouri conviction for second degree burglary. It also introduced evidence of two other Missouri burglary convictions as required for sentencing enhancement under 18 U.S.C. § 924(e). The jury convicted Meeks. The court sentenced him to the 15-year mandatory minimum required by § 924(e).

Meeks appeals his conviction and sentence. He raises four issues: (1) whether his 1982 burglary conviction can serve as a predicate offense under federal firearms law, (2) whether his right to counsel was denied, (3) whether his sentence violates the Ex Post Facto Clause, and (4) whether the district court violated Meeks' constitutional rights by ejecting him from the courtroom.

II

A. *Restoration of Civil Rights*

■ Meeks argues that his 1982 Missouri burglary conviction could not serve as

---

1. Meeks requested that Hemovich be appointed so that he could receive compensation for efforts made on Meeks' behalf. According to the letter, Hemovich made long distance calls in search of legal records and to Meeks' family.

2. In refusing to grant the continuance, the district court stated,

   The Court is not going to grant one moment's delay. This court has previously continued the case and continued the case.

   . . . .

   ... The Court is absolutely certain that if it granted a continuance and the negotiations for retainage continued, it wouldn't be 48 hours until [Meeks] would be expressing his dissatisfaction with you [Cooney] for the purpose of delaying and protracting this proceeding. It's not going to happen.

the predicate offense for conviction under 18 U.S.C. § 922(g)(1) because Missouri substantially restored his civil rights upon his release from prison. We disagree.

Section 922(g)(1) makes it illegal for any person "who has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year ... [to] possess in or affecting commerce[ ] any firearm." Section 921(a)(20) defines conviction:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or *has had civil rights restored shall not be considered a conviction* for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (1988) (emphasis added).

To determine whether Meeks' civil rights were restored, we look to the law of Missouri, the state in which the predicate conviction arose. *See United States v. Gomez*, 911 F.2d 219, 220 (9th Cir.1990). "[R]estoration must be more than de minimis. It must be substantial, but need not be complete." *United States v. Dahms*, 938 F.2d 131, 133 (9th Cir.1991) (citation omitted). In *Dahms*, we established a two-stage analysis for determining whether a state conviction is nullified for purposes of federal firearms law. We first ascertain whether a felon's civil rights are substantially restored under state law; if they are, only then do we determine whether state law expressly restricts his right to possess firearms. *Id.; cf. United States v. Gilliam*, 979 F.2d 436, 437 (6th Cir.1992) (Jones, J., concurring) ("If it is determined that a state does not restore a felon's civil rights, he or she is subject to being charged under 18 U.S.C. § 922(g) (1988).").

In *Dahms*, we held that when a state restores a convicted felon's right to vote, to seek and hold public office and to serve on a jury, it has substantially restored his civil rights within the meaning of § 921(a)(20). *See* 938 F.2d at 133 (adopting the Sixth Circuit's reasoning in *United States v. Cassidy*, 899 F.2d 543, 549–50 (6th Cir.1990)). We have not decided whether a state's failure to restore all but one of those rights— specifically, the right of jury service—constitutes a substantial restoration of rights.

Under Missouri law, convicted felons are prohibited from holding office, Mo.Rev. Stat. § 561.021.1 (1991), and voting, *id.* § 561.026(1), while serving their sentences; however, they regain those rights upon release. They do not regain the right to serve on a jury, *id.* § 561.026(3); to hold office as a sheriff, *id.* § 57.010; or to be employed as a highway patrol officer, *id.* § 43.060 (as amended by 1992 Mo.Laws SB 550 § 43.060).[3] The Eighth Circuit has held that this "combination of limitations" demonstrates Missouri's failure to restore substantially a released convict's civil rights. *See Presley v. United States*, 851 F.2d 1052, 1053 (8th Cir.1988).

We agree. Missouri has chosen not to vouch for its former felons or to treat them as full members of society, so as to remove their convictions from consideration under federal law. Because we hold that Missouri did not substantially restore Meeks' civil rights, we need not address the second part of the *Dahms* analysis.

## B. *Right to Counsel*

██ Although we find that Meeks could be liable under § 922(g)(1), we reverse his conviction because the trial court erred in finding that Meeks had waived his right to counsel. Meeks argues that the court denied his constitutional right by improperly presuming a waiver based on his conduct.

██ A defendant's right to be represented by counsel is, of course, fundamen-

---

**3.** Missouri law prevents a convicted felon from suffering legal disqualification or disability as a result of his conviction, except as provided by state constitution, code or statute. Mo.Rev.Stat.

§ 561.016 (1991). Rather than restoring a convicted felon's rights, this section preserves those rights not affected by conviction of a crime.

tal. *United States v. Balough,* 820 F.2d 1485, 1487 (9th Cir.1987). He may waive his right to counsel if he acts knowingly and intelligently; he "must be aware of the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation." *Id.* Preferably, the court will discuss each of the three elements with the defendant in open court. *Id.* at 1488. In rare cases, we will find a knowing and intelligent waiver by looking at the record as a whole. *See id.* The background, conduct and experience of the accused are important factors in our consideration. *Id.*

■■■■ "[A] court must be wary against the 'right of counsel' being used as a ploy to gain time or effect delay." *United States v. Kelm,* 827 F.2d 1319, 1322 (9th Cir.1987). In limited circumstances, a court may force a defendant to proceed pro se if his conduct is " 'dilatory and hinders the efficient administration of justice.' " *Id.* (quoting *United States v. Leavitt,* 608 F.2d 1290, 1293 (9th Cir.1979)). *Kelm* was one of those cases. There, we upheld the district court's determination that Kelm's continual refusal to retain counsel or to accept appointed counsel, in an attempt to delay trial, constituted a waiver of his right to counsel. *Id.* However, we " 'indulge every reasonable presumption against waiver of fundamental constitutional rights,' " and doubts must be resolved in favor of no waiver. *Michigan v. Jackson,* 475 U.S. 625, 633, 106 S.Ct. 1404, 1409, 89 L.Ed.2d 631 (1986) (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)). Consequently, the government has the burden of proving a valid waiver. *Id.; United States v. Ant,* 882 F.2d 1389, 1394 (9th Cir.1989).

The government concedes that Meeks did not explicitly waive his right to counsel. It contends, however, that his repeated attempts to substitute counsel were delaying tactics which, when reviewed with the record as a whole, constitute a knowing, intelligent waiver. The government has failed to meet its burden.

Meeks' continuing attempts to change attorneys delayed his trial several times.

We understand the district court's frustration with his actions. This case, however, is distinguishable from *Kelm* and other cases in which we have found a waiver based on the record. *Kelm* was in control of whether or not he had counsel. He chose not to retain counsel to frustrate the judicial process.

■■■ Meeks, by contrast, had appointed counsel, Van Camp. The court, not Meeks, was in control of whether or not Van Camp continued his representation. It erred in denying Meeks' motion to substitute counsel while, at the same time, granting Van Camp's motion to withdraw. By doing so, it waived Meeks' right to counsel for him, leaving him without representation. The court did not make Meeks aware of the dangers of proceeding pro se, nor does the record indicate that he knew of them. His history of mental illness, in particular, precludes our finding a knowing, intelligent waiver based on this record.

The court had several options. It could have (1) denied both Meeks' and Van Camp's motions leaving Van Camp as Meeks' attorney, (2) granted both motions and appointed Hemovich or (3) given Meeks the opportunity to knowingly and intelligently waive his right to counsel and to proceed pro se. The court erred in employing none of these options.

### III

Because our disposition of the right to counsel issue is dispositive of this appeal, we need not reach Meeks' arguments that his sentence violated the Ex Post Facto Clause or that the court violated his constitutional rights by ejecting him from the courtroom during trial.

REVERSED.