56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Dennis J. SITTMAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-16651.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 19, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis J. Sittman, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Sittman contends that: (1) he was denied the effective assistance of counsel because his attorney failed to challenge the use of three 1976 Wisconsin convictions for enhancement purposes under the Armed Career Criminal Act; (2) the district court erred because it failed to address additional claims of ineffective assistance of counsel; and (3) the Armed Career Criminal Act should be void for vagueness. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, Frazer v. United States, 18 F.3d 778, 781 (9th Cir. 1994), and affirm.
 
 
 3
 Sittman contends that he was denied the effective assistance of counsel on several grounds in connection with his enhancement under the Armed Career Criminal Act.[1]
 
 
 4
 To obtain relief for a claim of ineffective assistance of counsel, a defendant must meet the two requirements enunciated in Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Second, a defendant must show that counsel's deficient performance prejudiced the defense. Id. at 692. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 692. The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S. Ct. 838, 844 (1993).
 
 
 5
 Sittman contends that his attorney was ineffective for failing to challenge the use of Sittman's three 1976 Wisconsin convictions because Wisconsin substantially restored his civil rights upon completion of his sentences. This contention lacks merit.
 
 
 6
 A defendant will be sentenced as an armed career criminal, if he or she has three previous convictions as defined by Sec. 921(a)(20):
 
 
 7
 What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.
 
 
 8
 18 U.S.C. Secs. 921(a)(20), 924(e)(1) (1988).
 
 
 9
 To determine whether a defendant's civil rights were restored, we look to the law of the jurisdiction in which the predicate convictions arose. Beecham v. United States, 114 S. Ct. 1669, 1671 (1994); United States v. Dahms, 938 F.2d 131, 133 (9th Cir. 1991). Where the restoration of civil rights is by operation of law, we look to the whole of state law at the time of restoration. United States v. Huss, 7 F.3d 1444, 1446 (9th Cir. 1993); United States v. Meeks, 987 F.2d 575, 578 (9th Cir.), cert. denied, 114 S. Ct. 314 (1993). Whether a state has nullified a state conviction for purposes of federal firearms law is determined under a two-stage analysis. Meeks, 987 F.2d at 578; Dahms, 938 F.2d at 133. First, we must ascertain whether the defendant's civil rights were substantially restored under state law. Meeks, 987 F.2d at 578; Dahms, 938 F.2d at 133. Second, if they were, only then do we determine whether state law expressly restricts a defendant's right to possess firearms. Meeks, 987 F.2d at 578; Dahms, 938 F.2d at 133.
 
 
 10
 Here, considering Wisconsin law at the time of restoration of Sittman's civil rights, Wisconsin did not substantially restore Sittman's civil rights. Compare Dahms, 938 F.2d at 133 (determining that substantial restoration of rights occurs where felon regains rights to vote, hold public office and serve on jury) with Meeks, 987 F.2d at 578 (holding no substantial restoration of rights occurs where felon does not regain rights to serve on jury or to hold certain public offices). Under Wisconsin law, convicted felons regain the right to vote but not the right to hold public office. See State Law Enforcement Standards Bd. v. Village of Lyndon Station, 295 N.W.2d 818, 827 (Wis. Ct. App. 1980), aff'd, 305 N.W.2d 89 (Wis. 1981); see also Roehl v. United States, 977 F.2d 375, 377 (7th Cir. 1992) (holding that for federal firearms purposes, Wis. Stat. Sec. 57.078 does not wipe conviction from record once defendant has satisfied sentence). Since Wisconsin does not substantially restore Sittman's civil rights, we need not address the second part of the analysis. See Meeks, 987 F.2d at 578. Accordingly, Sittman has not shown that he was prejudiced by his attorney's failure to challenge the use of Sittman's 1976 Wisconsin convictions as predicate offenses. See Strickland, 466 U.S. at 695.
 
 
 11
 Sittman contends that his attorney was ineffective for concurring with the government that Sittman's three 1976 Wisconsin convictions were "burglaries" instead of "breaking and entering." Sittman cannot show prejudice because the record reflects that in 1976 the Wisconsin Circuit Court convicted Sittman of three counts of "burglary." See id.
 
 
 12
 Sittman contends that his attorney was ineffective for failing to challenge the classification of his three 1976 Wisconsin convictions as "violent felonies". Sittman cannot show prejudice because Sittman's Wisconsin convictions constitute "violent felonies" under the Armed Career Criminal Act. See 18 U.S.C. Sec. 924(e)(2)(B)(ii) (Supp. V 1993); Strickland, 466 U.S. at 695..
 
 
 13
 Sittman contends that his attorney was ineffective for failing to challenge the use of his three 1976 Wisconsin convictions as separate offenses. We need not address this issue because Sittman failed to raise it before the district court. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S. Ct. 258 (1992) (explaining that generally this court will not consider issues raised for first time on appeal).
 
 
 14
 Sittman contends that the Armed Career Criminal Act should be void for vagueness because it is ambiguous as to which convictions can be used for enhancement purposes. We need not address this issue because Sittman failed to raise it before the district court. See id.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument and his motion for the appointment of counsel are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The government contends that Sittman has not shown cause and prejudice for his failure to raise his claims earlier. This contention lacks merit because Sittman is only challenging the alleged ineffective assistance of counsel rather than the claims themselves. See United States v. Hoslett, 998 F.2d 648, 660 (9th Cir. 1993) (customary procedure for challenging effectiveness of defense counsel in federal criminal trial is by collateral attack under 28 U.S.C. Sec. 2255)