70 F.3d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tracy Douglas SMITH, Petitioner-Appellant,
v.
James Mickey GAMBLE, Respondent-Appellee.
 No. 95-35404.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1995.*
Decided Nov. 9, 1995.
 
 Before: GOODWIN, PREGERSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Montana state prisoner Tracy Douglas Smith appeals the district court's summary judgment dismissing his 28 U.S.C. Sec. 2254 habeas petition. Following a jury trial, Smith was convicted of selling 25.63 grams of marijuana and sentenced to fifty years imprisonment. Smith was sentenced to an additional ten years imprisonment for being a persistent felony offender. Smith contends that the district court erred by determining that he waived his right to counsel and that no due process violation occurred when the trial court denied Smith's request for a continuance. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and reverse and remand.
 
 
 3
 The Sixth Amendment guarantees a criminal defendant the right to be represented by counsel. Faretta v. California, 422 U.S. 806, 807 (1975). A defendant "may waive his right to counsel if he acts knowingly and intelligently; he must be aware of the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation." United States v. Meeks, 987 F.2d 575, 579 (9th Cir.1993) (quotation omitted), cert. denied, 114 S.Ct. 314 (1993). To ensure that the decision is made knowingly and intelligently, the trial court should discuss each of the three elements with the defendant in open court. Id. In rare cases, we will find a knowing and intelligent waiver by looking at the record as a whole. Id.
 
 
 4
 " 'A court must be wary against the right of counsel being used as a ploy to gain time or effect delay.' In limited circumstances, a court may force a defendant to proceed pro se if his conduct is 'dilatory and hinders the efficient administration of justice.' " Id. (quoting United States v. Kelm, 827 F.2d 1319, 1322 (9th Cir.1987)) (internal quotations and citations omitted). "However, we indulge every reasonable presumption against a waiver of constitutional rights, and doubts must be resolved in favor of no waiver." Meeks, 987 F.2d at 579 (quotations omitted). Accordingly, the State bears the burden of proving a valid waiver. See id.
 
 
 5
 The State concedes that Smith did not explicitly waive his right to counsel and that the trial court failed to discuss the Faretta factors with Smith. The State contends, however, that Smith's repeated attempts to substitute counsel were delaying tactics which, when reviewed with the record as a whole, constituted a knowing, intelligent waiver. We disagree.
 
 
 6
 During the pendency of Smith's criminal proceeding he was represented by John Keith, Bernie Goldman, and John Stanley. The trial court first appointed Keith to represent Smith because Smith could not afford counsel.[1] After only a few days, however, Keith was discharged upon the advice of Goldman who was representing Smith on a kidnapping charge and who had agreed to represent Smith during these proceedings. Goldman was discharged after Smith was convicted of the kidnapping charge. Stanley was then appointed to represent Smith. Unhappy with Stanley, Smith fired Stanley and requested a continuance to retain new counsel. At the hearing on Stanley's motion to withdraw, Smith informed the court that he did not have sufficient funds to retain counsel. The trial court, however, did not appoint counsel. Instead, the court granted Stanley's motion to withdraw and directed Smith to represent himself.
 
 
 7
 This case, like Meeks, is distinguishable from Kelm and the other cases in which we have found a waiver based on the record. In Kelm, we upheld the district court's determination that Kelm's continual refusal to retain counsel or to accept appointed counsel, in an attempt to delay trial, constituted a waiver of his right to counsel. Kelm, 827 F.2d at 1322. The defendant controlled whether or not he had counsel and he chose not to retain counsel to frustrate the judicial process. Kelm, 827 F.2d at 1322; Meeks, 987 F.2d at 579. Here, as in Meeks, Smith had appointed counsel and the trial court, not Smith, was in charge of whether or not counsel's representation continued. By denying Smith's request for substitute counsel while, at the same time, granting counsel's motion to withdraw, the trial court waived Smith's right to counsel for him by leaving him without representation. The trial court did not advise Smith of the dangers of proceeding pro se, nor does the record indicate that he knew of them. Accordingly, the State has failed to meet its burden that Smith knowingly and intelligently waived his right to counsel. See Meeks, 987 F.2d at 579. Thus, we reverse the judgment of the district court with instructions to issue the writ of habeas corpus unless the State commences retrial within such reasonable time as is allowed by the district court.[2]
 
 
 8
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Julie Macek was first appointed by the court, but after a month retired from the public defenders office. Pat Flaherty was then appointed, but withdrew because of a conflict of interest
 
 
 [2]
 Because the issue of Smith's waiver of his right to counsel is dispositive, we need not reach his argument that a due process violation occurred when the trial court denied his request for a continuance