UNITED STATES of America,
Plaintiff–Appellee,

v.

John J. OMAN, Defendant–Appellant.

No. 95–10003.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 1995.

Decided Aug. 5, 1996.

Joel C. Parris, Assistant Federal Public Defender, Tucson, Arizona, for defendant-appellant.

Robert L. Miskell, Assistant United States Attorney, Tucson, Arizona, for plaintiff-appellee.

Before: WALLACE and LEAVY, Circuit Judges, and BAIRD,* District Judge.

WALLACE, Circuit Judge:

Oman appeals from a judgment of conviction for unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

I

Oman was convicted in 1974 in the Middlesex District Court of the Commonwealth of Massachusetts for two felony offenses: assault by means of a dangerous weapon, and breaking and entering. He served 18 months in state custody. Oman moved to Tucson, Arizona, approximately 1987. There, he began purchasing firearms. Oman's neighbors often noticed him carrying guns, sometimes menacingly. He was even involved in an armed conflict with a neighbor which resulted in the police being summoned.

* Honorable Lourdes G. Baird, United States District Judge, Central District of California, sitting by designation.

In September 1992, Oman's wife called the police. Fearing Oman's erratic and threatening behavior, she expressed concern for the safety of both Oman and her family. The responding Pima County Sheriff's deputies entered Oman's home and arrested him for domestic violence. During the course of the arrest, they observed in plain view several weapons in the house. This information was conveyed to agents of the Bureau of Alcohol, Tobacco, and Firearms who discovered that Oman was a convicted felon. The agents arrested him in November 1993 and executed a federal search warrant on Oman's house, recovering approximately 30 firearms.

The next month, a federal grand jury returned a 36–count indictment against Oman, based upon two statutes: (1) making false statements in acquiring firearms in violation of 18 U.S.C. §§ 922(a)(6) and 924(a), and (2) being a convicted felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). Three counts went to the jury, and he was convicted on one unlawful possession count.

## II

▇ The statutory provision under which Oman was convicted prohibits any person who "has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm that has been shipped in interstate commerce. See 18 U.S.C. § 922(g)(1). The term "crimes punishable" refers to crimes defined by the law of the jurisdiction in which the predicate crime arose. *United States v. Gomez*, 911 F.2d 219, 220 (9th Cir. 1990) (citation omitted). If the convicting jurisdiction restores a convicted felon's civil rights, then the statute's prohibitions will not apply:

Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). Oman asserts that Massachusetts law restored his civil rights and that, therefore, he could legally possess firearms. We review de novo whether Oman's rights have been restored such that the prior convictions may not be used as predicate offenses in a prosecution under 18 U.S.C. § 922(g). *United States v. Herron*, 45 F.3d 340, 341 (9th Cir.1995).

▇ To determine whether a felon may possess firearms, we determine whether Oman's rights were substantially restored under Massachusetts law, and, if so, whether Massachusetts expressly restricts Oman's right to possess, ship, transport, or receive firearms. *United States v. Dahms*, 938 F.2d 131, 133 (9th Cir.1991). We first turn to the restoration issue.

There need not be an explicit restoration statute to have civil rights restored. Courts may "look to the whole of state law to determine whether [ ] civil rights were restored within the meaning of § 921(a)(20)." *Id.* We have interpreted the statute's use of "restoration" as restoration of "those rights accorded to an individual by virtue of his citizenship in a particular state. These rights include the right to vote, the right to seek and hold public office and the right to serve on a jury." *Id., quoting United States v. Cassidy*, 899 F.2d 543, 549 (6th Cir.1990).

Apparently, Massachusetts felons retain their right to vote, even while incarcerated. *See Cepulonis v. Secretary of the Commonwealth*, 389 Mass. 930, 452 N.E.2d 1137, 1140 n. 6 (1983). The right to sit on a jury is restored within seven years. Mass. Gen. L. ch. 234A § 4. The right to hold office is restored after release from confinement. Mass. Gen. L. ch. 279 § 30. Oman argues that because Massachusetts law restores these three rights, his civil rights have been restored under 18 U.S.C. §§ 921(a)(20) and 922.

*Dahms* left open the question whether the rights it identified were the only restrictions courts should examine in determining whether there had been a complete civil rights restoration, absent affirmative state action. We later determined that these three rights were part of the larger inquiry of whether a state has "chosen not to vouch for its former

felons or to treat them as full members of society, so as to remove their convictions from consideration under federal law." *United States v. Meeks,* 987 F.2d 575, 578 (9th Cir.) (*Meeks* ), *cert. denied,* 510 U.S. 919, 114 S.Ct. 314, 126 L.Ed.2d 261 (1993). Following *Meeks,* we must determine whether Massachusetts law imposes "a combination of limitations" on Oman's rights, treating him as less than a full member of society. *Id.* (quotations omitted). The First Circuit, whose jurisdiction includes Massachusetts, has not decided whether Massachusetts law restores ex-felons' civil rights. *See United States v. Caron,* 77 F.3d 1, 6 (1st Cir.) (not reaching the issue "whether the right to sit on a jury has been sufficiently restored, and whether there has been an express provision that appellant may not possess firearms"), *cert. denied,* — U.S. —, 116 S.Ct. 2569, 135 L.Ed.2d 1085 (1996).

Under Massachusetts law, a felon continues to face significant restrictions of his civil rights. A felon cannot be appointed to numerous state positions, including inspector of the Department of Public Safety, Mass. Gen. L. ch. 22 § 6A; correction officer or any position involving the regulation of a correctional facility, Mass. Gen. L. ch. 125 § 9; or, a police officer, Mass. Gen. L. ch. 41 § 96A. Massachusetts prevents a felon from obtaining certain licenses issued by the state, such as a license to sell, rent, or lease firearms. Mass. Gen. L. ch. 140, § 122. A felon may be excluded from the venire without examination or may be excused for cause from a jury. *Commonwealth v. Martin,* 357 Mass. 190, 257 N.E.2d 444, 446 (1970); *Commonwealth v. Amazeen,* 375 Mass. 73, 375 N.E.2d 693, 700 (1978). Massachusetts law expressly forbids a felon from transporting handguns. Mass. Gen. L. ch. 140 § 131. While we have not decided the issue, other circuits have indicated that civil rights restoration includes gun possession rights. *See United States v. Essick,* 935 F.2d 28, 31 (4th Cir. 1991) ("an ex-felon ... has the same civil rights regarding firearms as non-felons; for purposes of § 922(g)(1), then, his prior conviction does not exist").

In *Meeks,* we held that Missouri's statutory scheme, which denied felons the right to serve on a jury, hold office as a sheriff, or be employed as a highway patrol officer, does not substantially restore a felon's civil rights. *Meeks,* 987 F.2d at 578. Here, like *Meeks,* Oman's rights are restored with significant restrictions: his right to hold public offices and positions is significantly curtailed and his right to sit on a jury is significantly more limited than the right of a person with no felony record. Following the framework in *Meeks,* we hold that Oman's civil rights were not restored under section 921(a)(20). Massachusetts law treats ex-felons in a way which falls below that of a "full member[ ] of society." *Id.*

Because Oman's rights were not substantially restored, we do not reach the issue of whether Massachusetts law expressly restricts Oman's right to possess, ship, transport, or receive firearms.

AFFIRMED.