PER CURIAM.
 

 I
 

 Mark Hirsch Horodner was convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The remaining facts have been set out in our opinion dealing with his 28 U.S.C. § 2255 petition,
 
 see United States v. Horodner,
 
 993 F.2d 191, 192 (9th Cir.1993), so we do not recite them here.
 
 [1]
 
 In that opinion, we held that Horodner might have been denied effective assistance of counsel when his lawyer failed to file a timely notice of appeal.
 
 See id.
 
 at 195. We remanded with instructions that the district court determine whether Horodner had consented to the abandonment of his direct appeal.
 
 See id.
 
 at 195-96. The district court found that Horodner had in fact not consented to the abandonment and ordered that his right of direct appeal be reinstated. Horod-ner then filed a timely notice of appeal. We deal here with his claims.
 

 II
 

 Horodner points to a portion of
 
 United States v. Dahms,
 
 938 F.2d 131, 134 (9th Cir.1991), where we stated: “Whether § 922(g)(1) applies to a felon who possesses one type of firearm when state law restricts his right to have another type is an issue of first impression. We hold that it does not.” He argues that because California law did not prohibit felons from possessing shotguns, his conviction cannot stand.
 

 Horodner has gotten ahead of himself.
 
 Dahms
 
 interpreted 18 U.S.C. § 921(a)(20)(B), which defines prior convictions that may be counted for purposes of 18 U.S.C. § 922(g)(1):
 

 What constitutes a [felony conviction] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.
 

 
 *1319
 
 18 U.S.C. § 921(a)(20)(B). Based on this language,
 
 Dahms
 
 announced a two-step test:
 

 Initially, we must determine whether [defendant’s] civil rights were substantially restored under [state] law. If they were, we must determine whether that law nonetheless expressly restricts his right to possess firearms, thus subjecting him to conviction under the federal statute.
 

 938 F.2d at 133.
 

 Horodner argues that his civil rights have been substantially restored because, at the time of his illegal possession, he had the right to vote and hold public office.
 
 See
 
 Cal. Elec.Code §§ 201 & 2212. However, Horod-ner’s right to serve on a jury was not restored.
 
 See
 
 Cal.Civ.Proc.Code § 203. In
 
 United States v. Meeks,
 
 987 F.2d 575, 578 (9th Cir.1993), we held that defendant’s civil rights were not substantially restored because he was barred from serving on a jury, even though he could vote and hold office.
 
 [2]
 

 Horodner argues that
 
 Dahms
 
 helps him nonetheless because the passage to which he cites does not rely on section 921(a)(20)(B). and therefore applies without regard to whether his civil rights have been restored. But a footnote attached to that passage undercuts his argument:
 

 We emphasize that our holding does not rest upon an interpretation of the term “firearm” as it appears in § 922(g)(1). [S]tate law would be irrelevant to that question.... Rather, our holding rests upon an interpretation of the “unless” clause in § 921(a)(20).
 

 Dahms,
 
 938 F.2d at 134 n. 4.
 
 [3]
 

 III
 

 Horodner also argues that, during a pre-trial hearing, the government voluntarily redacted from the indictment his California conviction for assault with a deadly weapon.
 
 [4]
 
 The record indicates that the government merely moved to redact the indictment, but the district court failed to rule on this motion and the Assistant United States Attorney did not file a superseding indictment. Furthermore, the record shows that defendant was aware the indictment had not been redacted: At the beginning of trial, both he and his attorney stipulated to the introduction of the record of his prior conviction for assault with a deadly weapon.
 

 IV
 

 Horodner claims he was denied due process because he did not receive adequate notice that he could not possess a shotgun. Because this argument is made for the first time in his reply brief, we decline to reach it.
 
 See United States v. Parrott,
 
 992 F.2d 914, 920 (9th Cir.1993).
 

 AFFIRMED.
 

 [1]
 

 . Horodner was initially found guilty of two counts of being a felon in possession.
 
 See Horodner,
 
 993 F.2d at 192. We subsequently held that the convictions were based on possession of the same firearm on two separate occasions, and one conviction was therefore barred by double jeopardy.
 
 Id.
 
 at 193.
 

 [2]
 

 . In California, a felon released from prison for three or more years may petition for a certificate of rehabilitation.
 
 See
 
 Cal.Penal Code §§ 4852.01, 4852.03 & 4852.06. Such a certificate constitutes an application for a pardon which the governor may grant without further investigation. Cal.Penal Code § 4852.16. Anyone granted a full and unconditional pardon based on a certificate of rehabilitation is entitled "to exercise thereafter all civil and political rights of citizenship,” Cal.Penal Code § 4852.17, which would presumably include the right to serve on a jury. Horodner neither applied for, nor was issued, such a certificate.
 

 [3]
 

 . Horodner relies on an imprecision in the language of
 
 Dahms:
 
 "Whether § 922(g)(1) applies to a felon who possesses one type of firearm when state law restricts his right to have another type is an issue of first impression.” 938 F.2d at 134. Section 921(a)(20)(B) does not make section 922(g)(1) inapplicable to some defendants; it makes some felony convictions not cognizable for purposes of section 922(g)(1). One might therefore wonder whether the earlier-quoted portion of
 
 Dahms
 
 relied on section 921(a)(20)(B). Footnote 4, however, puts any such doubt to rest.
 

 [4]
 

 . The indictment charged Horodner with prior convictions for extortion and assault with a deadly weapon. In our previous opinion, we held that the conviction for extortion was not a predicate felony for purposes of 18 U.S.C. § 922(g)(1).
 
 See Horodner,
 
 993 F.2d at 194. Thus, if Horodner were right, he would have been charged with no valid predicate felonies and his conviction under 18 U.S.C. § 922(g)(1) could not stand.