UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                  No. 00-4920

NICANDRO RAMIREZ-CASTILLO,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-00-129)

Submitted: May 8, 2001

Decided: May 22, 2001

Before LUTTIG and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

George V. Laughrun, II, GOODMAN, CARR, NIXON,
LAUGHRUN, LEVINE & MURRAY, P.A., Charlotte, North Caro-
lina, for Appellant. Robert J. Conrad, Jr., United States Attorney, D.
Scott Broyles, Assistant United States Attorney, Charlotte, North Car-
olina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Nicandro Ramirez-Castillo appeals his conviction and sentence for possession of a firearm after being convicted of a felony, in violation of 18 U.S.C.A. § 922(g) (West 2000). Ramirez-Castillo moved in the district court to dismiss the indictment, and after this motion was denied, entered a plea of guilty, preserving his right to appeal the denial of the motion to dismiss. Finding no error by the district court, we affirm.

Ramirez-Castillo first argues that the district court erred in denying his motion to dismiss the indictment. This motion was based upon the contention that, because Ramirez-Castillo could lawfully possess the firearms in question under North Carolina law despite his status as a convicted felon, see N.C. Gen. Stat. § 14-415.1 (2000), prosecution under § 922(g) was foreclosed. Ramirez-Castillo also contends that North Carolina would have automatically restored his civil rights, including the right to possess firearms, by the passage of time from his most recent convictions. Ramirez-Castillo's predicate conviction, however, occurred in California, and it is to that state's law that we must look to determine whether Ramirez-Castillo's right to lawfully possess firearms had been restored. See 18 U.S.C.A. § 921(a)(20); United States v. Jones, 993 F.2d 1131, 1136 (4th Cir. 1993), aff'd sub nom. Beecham v. United States, 511 U.S. 368, 372 (1994).

Under California law, a convicted felon's civil rights are not automatically restored. Rather, the felon must satisfy a period of rehabilitation after discharge from custody or parole, and petition a court for a certificate of rehabilitation. See Cal. Penal Code §§ 4852.01, 4852.03, 4852.06 (Deering 2001); United States v. Horodner, 91 F.3d 1317, 1319 n.2 (9th Cir. 1996). Ramirez-Castillo does not contend, nor has he presented any evidence, that his civil rights have been restored by California. His argument that North Carolina law would

2

permit his possession of a firearm in his home is without merit, for "[w]hen civil rights have not been restored, the right to possess a firearm is immaterial." <u>United States v. King</u>, 119 F.3d 290, 292-93 (4th Cir. 1997). The district court properly denied the motion to dismiss the indictment.

Ramirez-Castillo also appeals the determination of his criminal history under the <u>U.S. Sentencing Guidelines Manual</u> § 4A1.2(a) (1998). He argues that use of his 1990 California conviction for possession with intent to sell cocaine, which served as the predicate offense for his conviction under § 922(g), as a prior sentence for purposes of calculating his criminal history, constitutes impermissible double counting. We disagree. We have previously held that the Sentencing Guidelines are to be applied as written, and that double counting is permitted unless specifically prohibited. <u>See United States v. Williams</u>, 954 F.2d 204, 206-08 (4th Cir. 1992). The Guidelines define a previous sentence for criminal history purposes as "any sentence previously imposed upon adjudication of guilt, . . . for conduct not part of the instant offense." USSG § 4A1.2(a). The conduct that was the instant offense in this case was Ramirez-Castillo's unlawful possession of firearms on May 10, 2000. Ramirez-Castillo's possession of cocaine with intent to sell in California in 1990 was conduct "not part of the instant offense." <u>See United States v. Alessandroni</u>, 982 F.2d 419, 421 (10th Cir. 1992) ("[I]t is not the <u>conduct</u> of committing a prior felony that is an element of § 922(g)(1); rather, it is the <u>status</u> of being a convicted felon that is an element of § 922(g)(1)." (emphasis in original)). This assertion of error is without merit.

We therefore affirm Ramirez-Castillo's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

3