**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Daniel Marcus CAREY, Defendant—
Appellant.**

No. 04–30129.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2005.

Decided March 15, 2005.

Paulette L. Stewart, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Michael Donahoe, Esq., Federal Defenders of Montana, Helena, MT, for Defendant–Appellant.

Before: B. FLETCHER, MCKEOWN, and GOULD, Circuit Judges.

### MEMORANDUM [*]

Daniel Marcus Carey appeals the denial of his motion to dismiss one count of an indictment and conviction under 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms or ammunition. Carey's predicate felony is a 1995 Missouri conviction for Second Degree Burglary. Carey argues that because Missouri law permits him to carry a firearm, his civil rights have been substantially restored under 18 U.S.C. § 921(a)(20), and he does not fall within the terms of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.[1]

Section 921(a)(20) sets forth a two-step inquiry. First, we determine whether the defendant's civil rights were substantially restored under the law of the jurisdiction of conviction. *See Beecham v. United States,* 511 U.S. 368, 371, 114 S.Ct. 1669, 128 L.Ed.2d 383 (1994); *United States v.*

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review de novo whether a state has substantially restored the civil rights of a con-

victed felon, thereby precluding use of the underlying conviction as a predicate offense under 18 U.S.C. § 922(g). *United States v. Oman,* 91 F.3d 1320, 1321 (9th Cir.1996).

*Gomez,* 911 F.2d 219, 220 (9th Cir.1990). If we conclude that the civil rights of the defendant were substantially restored, we then conduct a second inquiry into whether state law expressly prohibits the defendant from possessing firearms, notwithstanding the substantial restoration of his or her civil rights. *United States v. Collins,* 61 F.3d 1379, 1382 (9th Cir.1995).

Missouri law prohibits Carey from sitting on a jury, Mo.REV.STAT. § 561.026(3), serving as a sheriff, Mo.REV.STAT. § 57.010(1), and working as a highway patrol officer, Mo.REV.STAT. § 43.060(1). We considered these same civil rights disabilities in *United States v. Meeks,* a case also involving Missouri law and a defendant whose predicate conviction was for Second Degree Burglary. 987 F.2d 575 (9th Cir. 1993). In *Meeks,* we held that because Missouri law prohibits a felon from serving on a jury, holding office as a sheriff and working as a highway patrol officer, the state has not substantially restored civil rights, despite permitting felons to vote and hold public office after the termination of their sentences. *Id.* at 578 (citing *Presley v. United States,* 851 F.2d 1052, 1053 (8th Cir.1988)).

Carey contends that the *Meeks* substantial restoration analysis no longer applies because, since that case was decided, Missouri has changed its laws so that persons convicted of Second Degree Burglary are no longer prohibited from possessing firearms. We reject this argument. It is questionable whether state-law restoration of the right to bear firearms is relevant in determining whether the civil rights of a felon have been substantially restored. *See Meeks,* 987 F.2d at 578 ("We first ascertain whether a felon's civil rights are substantially restored under state law; if they are, only then do we determine whether state law expressly restricts his right to possess firearms."); *United States v. Horodner,* 91 F.3d 1317, 1318–19 (9th Cir.1996) (per curiam). We need not reach this question here, however, because, even if the right to bear firearms were among the civil rights we consider, "the restoration of this single right does not prevent prosecution under § 922(g)(1)." *United States v. Andaverde,* 64 F.3d 1305, 1309 (9th Cir.1995). The *Meeks* analysis controls this appeal and, accordingly, Missouri law has not substantially restored Carey's civil rights.

Carey finally argues that the language of 18 U.S.C. § 927 implies that Congress intended that state law would govern whether a felon may possess a firearm under federal law. We disagree. State laws that allow felons to possess firearms are not dispositive in determining whether a felon has violated 18 U.S.C. § 922. *Caron v. United States,* 524 U.S. 308, 315, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998); *Andaverde,* 64 F.3d at 1310 ("Section 922(g)(1) rests on state law governing convictions, not on state law regulating felons' possession of firearms.").

AFFIRMED.