NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENNIS J. SITTMAN, | No. 14-17196 |
| Petitioner - Appellant, | D.C. No. 1:14-cv-00349-ACK |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Submitted February 24, 2016**

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Dennis J. Sittman appeals pro se from the district court's order denying his

petition for a writ of error coram nobis seeking to vacate his 1992 convictions for

being a felon in possession of a firearm and ammunition in violation of 18 U.S.C.

§ 922(g)(1).   We have jurisdiction under 28 U.S.C. § 1291.   Reviewing de novo,

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.   See Fed. R. App. P. 34(a)(2).

*see United States v. Riedl,* 496 F.3d 1003, 1005 (9th Cir. 2007), we affirm.

Sittman contends that his conviction should be vacated because his civil rights were restored, within the meaning of 18 U.S.C. § 921(a)(20), pursuant to discharge certificates allegedly issued to him by the Wisconsin Department of Corrections. Sittman made a similar claim for relief in an earlier 28 U.S.C. § 2255 motion, and he has not provided a valid reason for failing to raise his new claim in that, or any other, previous proceeding. Moreover, this court has already rejected Sittman's claim that Sittman's civil rights were restored by operation of Wisconsin law, *see Sittman v. United States*, 56 F.3d 73 (9th Cir. 1995) (unpublished table decision), and Sittman has not submitted any discharge certificates issued to him that might support a different conclusion. For these reasons, the district court correctly concluded that Sittman is not entitled to the "extraordinary remedy" of coram nobis relief. *See Riedl*, 496 F.3d at 1005-06 (listing requirements for coram nobis relief, including a showing that a valid reason exists for not attacking the conviction earlier and that "the error is of the most fundamental character").

**AFFIRMED.**

14-17196