NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

SKYLAR JAMES JUMPER, *Petitioner*.

No. 1 CA-CR 24-0412 PRPC

FILED 02-06-2025

Appeal from the Superior Court in Mohave County
No. CR-2022-0406
The Honorable Doug Camacho, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Jessica Law Group, PLC, Mesa
By Jessica Zachary
*Counsel for Petitioner*

Mohave County Attorney's Office, Kingman
By Rod Gilleo
*Counsel for Respondent*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Anni Hill Foster and Judge Michael J. Brown joined.

---

**M c M U R D I E**, Judge:

**¶1**        Skylar James Jumper petitions this court to review the superior court's order denying his petition for post-conviction relief ("PCR"), filed under Arizona Rule of Criminal Procedure ("Rule") 32.1(a). We grant review but deny relief.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        The State charged Jumper with two counts of the sale of dangerous drugs, a class 2 felony. At the trial, the court explained to Jumper that he had the right to decide whether to testify. When asked if he had questions about this right, Jumper said he was confused and overwhelmed. After a brief recess, Jumper's counsel informed the court that Jumper did not want to testify and that Jumper wanted the court to know that "he [cannot] think straight to even make decisions such as that." The court accepted this answer and instructed the jury not to consider Jumper's decision not to testify when deciding on his guilt.

**¶3**        The jury found Jumper guilty of both counts, and the court sentenced him to concurrent five-year prison terms. We affirmed the convictions and sentences on direct appeal. *State v. Jumper*, 1 CA-CR 23-0010, 2023 WL 6127635, at *1, ¶ 1 (Ariz. App. Sept. 19, 2023) (mem. decision). Jumper petitioned for PCR, and the court ordered an evidentiary hearing. After Jumper requested that the court rule without a hearing, the court denied his petition for PCR.

**¶4**        Jumper petitioned this court for review. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 13-4031, -4239, and Rule 32.16.

### DISCUSSION

**¶5**        We review the superior court's denial of a petition for PCR for an abuse of discretion, *State v. Macias*, 249 Ariz. 335, 339, ¶ 8 (App. 2020), but review the interpretation of the criminal rules and the court's legal

conclusions *de novo*, *State v. Mendoza*, 248 Ariz. 6, 14, ¶ 12 (App. 2019); *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017).

¶6 The United States and Arizona Constitutions grant defendants the right to testify in defense of the charges. U.S. Const. amend. VI; *Rock v. Arkansas*, 483 U.S. 44, 52 (1987) (The Sixth Amendment's guarantee that a defendant may testify is a fundamental right incorporated by the 14th Amendment to the states.); Ariz. Const. art. 2, § 24. The testimonial right is personal to the defendant, *United States v. Kowalczyk*, 805 F.3d 847, 859 (9th Cir. 2015), so the defendant must himself decide whether to testify, *State v. Lee*, 142 Ariz. 210, 215 (1984).

¶7 While a defendant may waive his right to testify, *Kowalczyk*, 805 F.3d at 859, that waiver must be "voluntarily, knowingly and intelligently made," *Quinton v. Superior Court*, 168 Ariz. 545, 548 (App. 1991). "A waiver is valid only if the defendant is aware of the right and manifests an intentional relinquishment or abandonment." *State v. Innes*, 227 Ariz. 545, 546, ¶ 5 (App. 2011).

¶8 Under Rule 32.1(a), defendants have a right to PCR if their conviction was obtained in violation of the United States or Arizona Constitutions. When a defendant makes a colorable PCR claim, he or she is entitled to a hearing on the merits of that claim. *State v. Bennett*, 213 Ariz. 562, 568-69, ¶ 30 (2006). The purpose of the evidentiary hearing is to provide a forum for the defendant to establish facts underlying their claim for relief. *Id.* The burden is on the defendant to establish the facts at the hearing by a preponderance of the evidence, and the criminal evidentiary rules apply. Ariz. R. Crim. P. 32.13(b), (c).

¶9 The court found a colorable claim and ordered an evidentiary hearing on Jumper's PCR petition. But Jumper responded by moving to allow the court to decide the petition based on the available pleadings and records. Jumper failed to carry his burden of proving a constitutional violation without evidence from a hearing. Also, if Jumper could raise the claim on the record alone, it could have been raised on appeal, and the failure to do so would waive the claim. Ariz. R. Crim. P. 32.2(a)(3) (Failure to raise a claim that could have been raised on appeal waives the claim.).

¶10 Jumper failed to prove he lacked the capacity to make a knowing, intelligent, and voluntary decision to testify. Though he stated that he was distraught, overwhelmed, shocked, could not take it all in, and did not know what was going on, he provided no evidence of the cause of his distress and confusion. A trial court need not conduct a *sua sponte*

inquiry into the waiver of the right to testify, so the court here had no duty to inquire into the source of Jumper's confusion. *See State v. Gulbrandson*, 184 Ariz. 46, 64-65 (1995). And because, in reviewing Jumper's PCR petition, the court found multiple possible sources of his distress and confusion unrelated to a lack of capacity, it found he failed to prove his claim by a preponderance of the evidence. Finding no abuse of discretion, we affirm the superior court's denial of relief.

**CONCLUSION**

¶11 We grant review but deny relief.

